The case on appeal, as stated by the judge, is as follows:
1. It is admitted that the judgment under which the execution was issued and homestead allotted was docketed in Durham County, 22 February, 1886.
2. It is admitted that the mortgages to Wyatt, Womble and others were dated — Womble, 30 April, 1887; to Mrs. Gardner, August, 1887; Wyatt Bowling, 7 December, 1887, covering the land levied on and included in homestead allotment.
3. The contract with Rhine was dated 20 April, 1885, and registered 27 March, 1889; and 7 February, 1888, another contract was made with the same party and registered 27 March, 1889. *Page 194 
4. The execution was issued 21 February, 1889; homestead allotment made 25 February, 1889; Rhine filed exceptions on 19 March, 1889.
5. Defendant purposes to file his exceptions 1 April, 1889.
6. The date of bond for title to Gardner was 20 April, 1885; deed made in pursuance to this, 9 May, 1887. This deed was registered.
The plaintiffs moved to dismiss the exceptions filed by Gardner and Rhine, upon the ground that Gardner's was not taken in apt time, and that Rhine had no such intent as to allow him to file exceptions, as shown by the exceptions themselves.
Defendant insisted that they were in apt time, as the return of the appraisers did not show when it was filed, and that there was no minute returned on the docket of the clerk showing the time of filing. Plaintiff admitted this to be so, and asked leave to examine the clerk and sheriff to prove the time of filing, and to have the record made nunc pro tunc. The court admitted the testimony. The clerk was sworn by the (238) court, and testified that the return was filed in his office on 17 March, 1889, or either that he did not enter the same because his fees were not paid and he was not requested to do so by the plaintiff; that he made no transcript to be filed with the register, for same reason. Clerk further testified that no transcript was filed by the officer at all — only the original. Clerk further testifies that he made no entry of it at all — did not mark it "filed," but put the return in the box containing the judgment. The court allowed the clerk to make the record showing the date of filing. The court overruled the plaintiff's motion to dismiss. Plaintiff then moved to overrule the exceptions of the defendant Gardner and of Rhine, upon the ground that the exceptions did not show that the land actually allotted to the defendant was not worth $1,000, and that the question as to the equities of the parties could not be raised in this proceeding.
The defendant proposed to prove that the money alleged to be due on the mortgages was for part of the purchase-money of the land; that Mrs. Gardner had loaned her husband $300,20 October, 1885; $400,22 April, 1887, to pay for the land, and that then the deed was executed to her husband; it was turned over to her by her husband, to be held until she was reimbursed; that this money was her separate property. The defendant asked the court to submit the following issues: The allotment of homestead, the mortgage, the contract, the receipts of Mrs. Gardner, the bond for title, the deed, judgment and execution, and the exceptions filed with this statement to constitute case in Supreme Court.
The court excluded the evidence offered by defendant, refused to submit to the jury the issues tendered, and held as a matter of law: That the record by the clerk nunc pro tunc did not debar (239) defendant Gardner of his right to file exceptions; that the only *Page 195 
inquiry in this proceeding was the actual value of the land allotted, and that in this proceeding the questions raised by defendant and Rhine could not be raised and passed upon, and as the exceptions did not allege the land actually allotted was not worth $1,000, the exceptions should be overruled, and defendant excepted.
There was no exception that raised the question whether the homestead allotted was worth more or less than $1,000. The judge below finds that the objections were filed in apt time, but holds that no issue was raised by them which it was his duty to submit in this proceeding. We concur with his Honor in the opinion that the equities set up by the parties cannot be passed upon on an appeal from the appraisers, whose duties extended no further than the valuation and allotment by bounds of the homestead. Gulleyv. Cole, 102 N.C. 333; Thornton v. Vanstory, post, 331.
Affirmed.
Cited: Williams v. Whitaker, 110 N.C. 395.
(240)